## ON APPEAL FROM THE COURT OF CHANCERY,

### JULY TERM, 1878.

Job Polhemus, appellant,

*v.*

Ephraim P. Emson, respondent.

A complainant filed his bill with a double aspect, asking that a cer-
tain voluntary partition should be established, or, failing in that, to
have partition made. Such voluntary partition was established by
decree, but, on appeal, that decree was reversed, and the record
remitted to be proceeded in according to the practice, &c.—*Held,* that
it was right for the chancellor to retain the bill in order to decide on
the alternative prayer for a partition.

On appeal from a decree of the chancellor, reported in
*Polhemus* v. *Emson,* 1 *Stew.* 576.

*Mr. Joel Parker,* for appellant.

*Mr. James Wilson,* for respondent.

THE CHIEF JUSTICE.

This case, as it originally stood in the court of chancery,
was this: The defendant was the purchaser of an undivided

interest in certain lands at a sale made by the sheriff under an execution against one of the owners in common of such premises, and, by virtue of such interest, had commenced proceedings at law to have these lands partitioned; and, thereupon, the complainant exhibited his bill in chancery, enjoining such proceedings and praying to be relieved in either of two ways, viz.: First, to have a certain voluntary partition which had been made by the tenants in common, established between himself and the defendant; or, second, to have a partition made by decree and according to the principles of equity. On the final hearing of this cause thus circumstanced, the chancellor sustained this voluntary partition and made a decree in conformity with such view, and, thereupon, the suit was transferred to this court, and, on such appeal, the question considered and decided here was, whether the validation of the voluntary partition above mentioned was proper. Upon full advisement, this court came to the conclusion that tenants in common could not make a partition, unassisted by judicial action, which would prevail against the lien of an existing judgment, and this view unavoidably led to the reversal of the decree that was founded on the opposite theory. This was the entire scope of the appellate decision.

The cause was then remitted, and the next step on the part of the defendant in the suit was a motion asking the chancellor to dismiss the bill, on the ground that such was the inevitable consequence of the decision made in this court. The contention was that the entire case had here been passed upon and finally adjudged. The motion was refused, and hence the present appeal.

The construction which the chancellor put upon the judgment of this court was, that it did not dispose of the whole of the complainant's equity, and I have failed to see what there is in the history of this case that has bred the doubt with respect to the correctness of this interpretation. The bill of complaint presented the case of the complainant in a double aspect, praying an alternative relief, and the decision

Polhemus v. Emson.

in the court of chancery and in this court was addressed exclusively to one of such prayers, leaving the other unconsidered and undecided. There is certainly nothing in the opinion read in this court from which it can be even implied that, in this tribunal, the question whether the complainant was not entitled to an equitable partition of the premises received a judicial consideration, and the plea, therefore, that such point passed to judgment is entirely a gratuitous assumption. This part of the case has not been settled either in this court or in the court of chancery, and the complainant has an unquestionable right to have it settled, and, consequently, when this court remitted the record, with a reversal of the decree respecting the effect of the voluntary partition of the land, and with a direction that the cause should be proceeded with in the court of chancery, "according to the law and practice of said court," the proceedings were manifestly placed before the latter tribunal in the same condition as though the chancellor had originally rejected the complainant's primary prayer, which was to give effect to the distribution of the premises which the parties had made between themselves. The appellants appear to treat the judgment in this court as an order directing the bill to be dismissed; but the entry of the judgment will not bear such a construction, for, instead of ordering a dismissal, it directs that the suit be proceeded in. If this court had intended to decide the whole case in favor of the defendant, the proper entry in the record would have been, that the bill should be ordered to be dismissed. Under the circumstances of the case, and as the record stands, the refusal of the motion to dismiss the bill was the only result that would harmonize with well-established rules of equity.

Why should this bill have been dismissed? The complainant is entitled to a division of the land, and equity has concurrent jurisdiction with courts of law over the subject. To dismiss this suit would have been merely to remit the parties to another tribunal, which, in such a situation, is never done. Besides, there are obvious equities entering

38

into the case which make it necessary that the partition should be made in the tribunal in which the suit is now pending.

I think the decree in this case should be affirmed, with costs.

Decree unanimously affirmed.